IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA TEMPLE and<br>JOHN TEMPLE<br>　　　　　　　　　Plaintiffs<br>　　v.<br><br>MCDONALD'S CORPORATION<br>　　　　　　　　　Defendant | Civil Action No. 2:11-cv-07516 |

### REPLY OF DEFENDANT, MCDONALD'S CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO RULE 12(b)(3)

Defendant, McDonald's Corporation has filed a motion to dismiss plaintiffs' Complaint, or in the alternative, transfer venue pursuant to Rule 12(b)(3) from this Court to the United States District Court of Maryland. In it motion, McDonald's Corporation principally maintains that the restaurant business for the McDonald's restaurant where plaintiff's alleged incident occurred, located in Rising Sun, Maryland, is owned, operated, possessed and maintained by McDonald's Restaurants of Maryland, Inc. The operation of the restaurant is subject to a Master Operator's Leave naming McDonald's Restaurants of Maryland, as a lessee, who controls the day-to-day operation of the restaurant in question. *See* Exhibit "C" attached to McDonald's Corporation's motion.

In their Response in Opposition to McDonald's motion, plaintiffs maintain, *inter alia*, that McDonald's Corporation, as opposed to McDonald's Restaurants of Maryland, Inc. retain control over the premises. However, plaintiffs' argument is unfounded and without merit.

"When the owner has parted with his control," i.e., has leased the premises to a tenant, we have held that "the tenant has the burden of the proper keeping of the

1

premises." Marshall v. Price, 162 Md. 687, 689, 161 A. 172, 172 (1932). Where the owner maintains control, however, the owner may be held liable for injuries. In *Henley v. Prince George's County*, 305 Md. 320, 503 A.2d 1333 (1986), the Court affirmed summary judgment in favor of the landowner, Prince George's Community College, which had turned control over the premises involved in that case to Prince George's County. The claim was based upon the murder by a caretaker of a youth who had entered upon the premises. With respect to the liability of the owner the Court stated in pertinent part:

> When land is leased to a tenant, the law of property regards the lease as equivalent to a sale of the premises for the term. The lessee acquires an estate in the land, and becomes for the time being, both owner and occupier, subject to all of the responsibilities of one in possession, to those who enter upon the land and those outside of its boundaries. (Footnotes omitted).

*Id.* at 337, 503 A.2d at 1342 (quoting *Prosser and Keeton on the Law of Torts* § 63, at 434 (W. Keeton 5th ed. 1984)). See, *Smith v. Dodge Plaza P'Shp*, 148 Md. App. 335, 346-347 (Md. Ct. Spec. App. 2002).[1]

Further, when a landlord has turned over control of a leased premises to a tenant, it ordinarily has no obligation to maintain the leased premises for the safety of the tenant. See *Matthews*, 351 Md. at 556-57, 719 A.2d at 125 ("The principal rationale for the general rule that the landlord is not ordinarily liable for injuries caused by defects or dangerous conditions in the leased premises is that the landlord 'has parted with control.'") (quoting Marshall v. Price, 162 Md. 687, 689, 161 A. 172, 172 (1932)); Elmar Gardens, Inc. v. Odell, 227 Md. 454, 457, 177 A.2d 263, 265 (1962) ("Mere ownership of

---

[1] Under a choice of law analysis, Maryland substantive law should apply here. *Hammersmith v. TIG Insurance Co.*, 480 F.3d 220 (3rd Cir. 2007); *Shuder v. McDonald's Corp.*, 859 F.2f 266 (3rd Cir. 1988); *Flickinger v. Toys R Us, Inc.* 2011 U.S. Dist. LEXIS 58248 (M.D. Pa. 2011).

land or buildings does not render the owner liable for injuries sustained by tenants or invitees rightfully on the premises, for the owner is not an insurer of such persons but owes them the duty only to exercise ordinary care to render the premises reasonably safe."); Marshall, 162 Md. at 689, 161 A. at 172 ("The law is well settled that, when the owner has parted with his control [of a leased premises], the tenant has the burden of the proper keeping of the premises, in the absence of an agreement to the contrary; and for any nuisance created by the tenant the landlord is not responsible."). See, *Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship*, 375 Md. 522, 537-538 (Md. 2003). A landlord is not ordinarily liable to a tenant or guest of a tenant for injuries from a hazardous condition in the leased premises that comes into existence after the tenant has taken possession. See *Marshall v. Price*, 162 Md. 687, 689, 161 A. 172 (1932) ("The law is well settled that, when the owner has parted with his control, the tenant has the burden of the proper keeping of the premises, in the absence of an agreement to the contrary; and for any nuisance created by the tenant the landlord is not responsible").

Thus, while McDonald's Corporation is admittedly the landlord who leased the real estate to McDonald's Restaurants of Maryland, Inc., it is nonetheless a landlord out of possession in the traditional sense of that term. As noted in McDonald's Corporation's motion, the restaurant business was owned and operated by McDonald's Restaurants of Maryland, Inc. which included:

1. Conducting the day-to-day operations of the restaurant business in question for this McDonald's restaurant located in Maryland;

2. Maintaining the location where plaintiff was allegedly injured.

*See* Exhibit "B" attached to defendant's motion. Here, McDonald's Corporation, as the landlord, has turned over control of the leased premises to McDonald's Restaurants of Maryland, Inc. It is undisputed that this incident occurred in Maryland. It is further indisputable pursuant to the affidavit, lease, and franchise documents attached to McDonald's Corporation's motion that the entity that owned, operated, controlled and maintained the McDonald's restaurant business is a Maryland corporation. Thus, venue is proper in the Federal District Court located in Maryland.

For these reasons, as well as those stated in McDonald's Corporation's motion, it is respectfully requested that its motion be granted.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: *[signature]*
MARK A. LOCKETT, ESQUIRE
Attorney ID No. 50023
Eight Penn Center Plaza, Suite 200
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
Attorney for Defendant,
McDonald's Corporation

4

## CERTIFICATE OF SERVICE

I, Mark A. Lockett, Esquire, hereby certify that a true and correct copy of the foregoing Response in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint has been filed electronically with the Court and is available for viewing and downloading from the ECF System by the following:

Christopher P. Fleming, Esquire<br>
LEONARD, SCIOLLA, HUTCHISON, LEONARD & TINARI, LLP<br>
1515 Market Street, Suite 1800<br>
Philadelphia, PA 19102<br>
COUNSEL FOR PLAINTIFF

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____
MARK A. LOCKETT, ESQUIRE