```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LINDA TEMPLE, et al.              :    CIVIL ACTION
                                  :
         v.                       :
                                  :
McDONALD'S CORPORATION            :    NO. 11-7516
```

<u>MEMORANDUM</u>

Bartle, J.                                            March 13, 2012

      Plaintiff Linda Temple brings this diversity action against defendant McDonald's Corporation for negligence for injuries she suffered in a slip and fall accident at a McDonald's Restaurant in Rising Sun, Maryland. Her husband Paul Temple has sued for loss of consortium. Before the court is the motion of defendant to dismiss the complaint for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and for failure to state a claim for relief under Rule 12(b)(6).

I.

      When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008); <u>Umland v. Planco Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell</u>

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  The court may consider the allegations set forth in the complaint as well as "matters of public record" and "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

## II.

The following facts are taken in the light most favorable to plaintiffs.  On February 19, 2010, plaintiffs entered a McDonald's Restaurant in Rising Sun, Maryland, which is owned and operated by a franchisee, McDonald's Restaurants of Maryland, Inc. ("McDonald's of Maryland").  Defendant McDonald's Corporation is the franchisor and owner of the real property on which the restaurant is located.  While entering the restaurant, Linda Temple slipped on a patch of ice on the wheelchair ramp and surrounding walkway on the property.  She fell and sustained serious injuries to her back, neck, ribs, and right leg.

After the fall, plaintiffs instituted this action against the defendant franchisor, McDonald's Corporation. According to plaintiffs' complaint, it failed to ensure that the

area around the restaurant was free from snow, water, and ice. Plaintiffs also alleged that defendant employed personnel who were not sufficiently qualified to maintain the premises in a safe manner, failed to warn plaintiffs and other customers of the hazardous condition, and failed to inspect the premises at reasonable intervals in order to discover and correct the hazardous ice condition.

### III.

In support of its motion to dismiss, defendant essentially argues that plaintiffs have sued the wrong party and that any claim is properly against McDonald's of Maryland. Defendant first asserts that the complaint should be dismissed for improper venue under 28 U.S.C. § 1391. That statute provides that a complaint may be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Defendant is registered as a foreign corporation in Pennsylvania. Since it is subject to personal jurisdiction here, venue is also proper as to it. See 42 Pa. Cons. Stat. Ann. § 5301(a)(2). Defendant's arguments to the contrary concern McDonald's of Maryland, an entity which is not a party to this

lawsuit.  We are not concerned with venue as to an entity that has not been sued.

Accordingly, the motion of defendant McDonald's Corporation to dismiss the complaint for improper venue under Rule 12(b)(3) will be denied.

IV.

As noted above, defendant also asserts that plaintiffs have failed to state a claim for relief because it does not "own, operate, or maintain" the McDonald's Restaurant where the accident occurred.  That restaurant was owned and operated by McDonald's of Maryland, a franchisee of defendant.  McDonald's of Maryland leased the restaurant building and surrounding land from defendant.

In order to establish a claim for negligence under Maryland law, a plaintiff must prove that:  (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered actual harm; and (4) the harm was proximately caused by the defendant's breach of duty.  <u>Grimes v. Kennedy Krieger Inst., Inc.</u>, 782 A.2d 807, 841 (Md. 2001). "The existence of a duty is a matter of law to be determined by the court and, therefore, is an appropriate issue to be disposed of on motion for dismissal."  <u>Bobo v. Maryland</u>, 697 A.2d 1371, 1376 (Md. 1997).

The general rule in Maryland is that a landlord is not liable for injuries to a tenant or third party caused by defects or dangerous conditions where it has parted with control of the

-4-

leased premises.  Marshall v. Price, 161 A. 172, 172-73 (Md. 1932).  The Maryland Court of Appeals, the highest court of the State of Maryland, has stated the rationale for this rule:

> When land is leased to a tenant, the law of property regards the lease as equivalent to a sale of the premises for the term.  The lessee acquires an estate in the land, and becomes for the time being both owner and occupier, subject to all of the responsibilities of one in possession, to those who enter upon the land and those outside of its boundaries.

Henley v. Prince George's Cnty., 503 A.2d 1333, 1342 (Md. 1986) (quoting William L. Prosser & Robert E. Keeton, Law of Torts § 63, at 434 (5th ed. 1984)).

Conversely, a landlord owes a duty to the occupant of a leased property or to a third party on the premises if:  (1) the landlord controlled the dangerous or defective condition; (2) the landlord knew or should have known of the condition; and (3) the loss suffered was a foreseeable result of that condition. Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship, 826 A.2d 443, 452 (Md. 2003).  For example, where a landlord has leased premises to multiple tenants, it has a duty to maintain common areas under its control in a reasonably safe condition.  E.g., Shields v. Wagman, 714 A.2d 881, 884-85 (Md. 1988); Honolulu Ltd. v. Cain, 224 A.2d 433, 435-436 (Md. 1966).  When analyzing a landlord's duty, courts must apply a balancing test, considering the landlord's degree of control and ability to remedy the condition along with the foreseeability of the harm.  Matthews v. Amberwood Assocs. Ltd. P'ship, 719 A.2d 119, 129 (Md. 1998).  Thus, whether

defendant as a franchisor and landlord owed a duty of care to plaintiffs turns on the extent of defendant's control over the property where the accident occurred.

In opposition to the motion to dismiss, plaintiffs assert that "a representative from McDonald's Corporation has appeared at zoning hearings regarding the Rising Sun McDonald's Restaurant and signed a legal agreement granting an easement on the premises of the Rising Sun McDonald's Restaurant." This fact is merely consistent with ownership of the premises which, as stated above, does not alone establish liability. It is not relevant to whether defendant had control over the specific condition which caused plaintiff's injury, that is the icy condition on the ramp and walkway on the property.

Plaintiffs also point to certain portions of the Lease and License Agreement to demonstrate defendant's control. The Lease and License Agreement provide that the leased premises may only be used for a McDonald's Restaurant. McDonald's of Maryland may use only products, trade fixtures, and equipment which have been approved by defendant and must receive written consent from defendant before making "any change in, alteration of, or addition to any part of the Premises." Additionally, defendant reserves the right to withhold its approval for any "construction, improvement, repair, alteration, or replacement" and may enter and inspect the premises at any time.

The License Agreement further states that McDonald's of Maryland must enroll its managers in defendant's training

program, "Hamburger University," submit financial reports to defendant, and comply with the "McDonald's System."[1]  McDonald's of Maryland must pay defendant a percentage of gross monthly sales in addition to rent and allow defendant to audit its records.

However, under the Lease and License Agreement McDonald's of Maryland shall maintain the building, equipment, and parking area in good condition.  McDonald's of Maryland is also responsible for "repairs or replacements required because of damage, wear and tear, or in order to maintain the Restaurant building and parking area in good condition and in conformity to blueprints and plans."  The Lease provides that "[b]y taking possession of the Premises, Lessee acknowledges that Lessee has inspected the Premises and the improvements thereon and found them to be in a safe, satisfactory, and completed condition."  Significantly, the Lease also states:

> Lessee shall have no authority, express or implied, to act as agent of Lessor, or any of its affiliates for any purpose.  Lessee is, and shall remain, an independent contractor responsible for all obligations and liabilities of, and for all loss or damage to, the Restaurant and its business ... based on injury, illness or death of any person or persons.

---

1. The "McDonald's System" is described in the License Agreement as "proprietary rights in certain valuable trade names, service marks and trademarks ... designs and color schemes for restaurant buildings, signs, equipment layouts, formulas and specifications for certain food products, methods of inventory and operation control, bookkeeping and accounting, and manuals covering business practices and policies."

The Lease and Licensing Agreement clearly contemplate that McDonald's of Maryland would control the day-to-day operations of the restaurant.  Under the License Agreement, defendant retains significant control over the food and beverages, equipment, and layout of the McDonald's Restaurant in question.  It does so to protect the "valuable good will and wide family acceptance" of McDonald's trademarks.  Nonetheless, defendant's desire to ensure that business is conducted in a manner uniform with all other McDonald's Restaurants does not mean that it undertakes to supervise such daily operations as the removal of snow or ice from the premises and the salting or sanding of the areas surrounding the restaurant.  <u>See, e.g.</u>, <u>Wendy Hong Wu v. Dunkin' Donuts, Inc.</u>, 105 F. Supp. 2d 83, 87-94 (E.D.N.Y. 2000); <u>Hoffnagle v. McDonald's Corp.</u>, 522 N.W.2d 808, 814-15 (Iowa 1994); <u>Cassavaugh v. McDonald's Corp.</u>, No. 106004036, 2010 WL 5644847, at *3-4 (Conn. Super. Dec. 20, 2010); <u>Little v. Howard Johnson Co.</u>, 455 N.W.2d 390, 392-94 (Mich. App. 1990).  The Lease specifically requires McDonald's of Maryland to maintain the restaurant building and parking area "in good repair, order or condition."  It also provides that McDonald's of Maryland would accept the leased premises only if it found them to be in a "safe ... condition."  Based on the Lease and Licensing Agreement, we find as a matter of law that defendant did not exercise control over the specific cause of the injury, that is the presence of ice or snow around the restaurant, and did not owe a duty of care to plaintiffs.

-8-

Finally, plaintiffs contend that defendant may be held liable for the negligent construction or design of the McDonald's of Maryland Restaurant. In opposition to the motion to dismiss, they assert that "[t]he area of Plaintiff's fall was negligently designed so that water from the drain spout poured directly out over the sidewalk and collected in the area of the wheelchair ramp" and that "[d]uring periods of freezing temperatures, the water that collected in the area of the wheelchair ramp would foreseeably turn to ice, creating a dangerous condition."

Plaintiffs are correct that a contractor can be held liable for negligent design or construction. See Council of Co-Owners Atlantis Condo., Inc. v. Whiting-Turner Contracting Co., 517 A.2d 336, 341 (Md. 1986). Here, the Lease states that defendant "[s]hall construct or shall have others construct or remodel or otherwise prepare the Premises for a McDonald's Restaurant in accordance with the then current plans and specifications of McDonald's Corporation."

The complaint sets forth a list of detailed allegations including, as discussed above, that defendant failed to maintain the premises, inspect the premises, and warn persons such as plaintiffs of the dangerous icy condition on and near the entrance to the restaurant. However, the complaint does not contain a single word regarding negligent design or construction. It does not allege that the drain spout was incorrectly placed or set forth any other facts to support this claim. Thus, the complaint does not meet the pleading standards as set forth by

the Supreme Court.  See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570.  Plaintiffs cannot wait to raise these allegations for the first time in response to the motion of defendant to dismiss.[2]  See Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

Accordingly, the motion of defendant McDonald's Corporation to dismiss the complaint for failure to state a claim for relief under Rule 12(b)(6) will be granted.

---

2. We note that plaintiffs, who are represented by counsel, did not exercise their right under the 2009 Amendments to Rule 15(a) of the Federal Rules of Civil Procedure to file an amended complaint within twenty-one days after the defendant's Rule 12(b) motion was filed.